UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMERICAN ATHEISTS, INC., ERIC ABNEY and JOSHUA STEWART, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF KANSAS CITY, MISSOURI, CITY COUNCIL OF THE CITY OF KANSAS CITY, MISSOURI, SYLVESTER "SLY" JAMES, JR., in his official capacity as he is MAYOR OF KANSAS CITY, MISSOURI and TROY SCHULTE in his official capacity as he is CITY MANAGER OF KANSAS CITY, MISSOURI <br><br> Defendants. | Case No. _____ |

## VERIFIED COMPLAINT

Comes now Plaintiffs American Atheists, Inc., Eric Abney, and Joshua Stewart, by and through counsel, and files this Complaint as follows:

### I. Introduction

1. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for violation of their civil rights.

2. Plaintiffs, as municipal, state and federal taxpayers, seek to enjoin Defendants' payment of an unconstitutional grant of city taxpayer funds authorized by Defendants for the express purpose of aiding and supporting a sectarian institution and its religious convention in Kansas City.

3. In April 2016, Defendant City Council passed Ordinance No. 160291, which authorizes the City of Kansas City to pay $65,000 in municipal funds from the Neighborhood

1

Tourist Development Fund ("NTDF") to Modest Miles Ministries, Inc. in aid and support of the National Baptist Convention, USA, Inc. ("National Baptist Convention"). The National Baptist Convention is a national religious institution comprised of member Baptist churches, church auxiliaries and religious delegates. Modest Miles Ministries requested the public monies from the City for the express purpose of funding the transportation costs of the religious institution to get its church members and delegates to and from its religious convention ("Baptist Convention") in Kansas City, Missouri in September 2016.

4. Defendants' expenditure of funds from the public treasury in the amount of $65,000 for the National Baptist Convention, if paid, would impermissibly aid the national Baptist institution and advance its religious purpose in violation of Plaintiffs' right to be free from compelled support of religious institutions and activities under the Establishment Clause of the First Amendment to the United States Constitution and Article I, § 7 and Article IX, § 8 of the Missouri Constitution. Ordinance No. 160291 further denies Plaintiffs their right to equal protection of the laws of Missouri.

5. Absent the relief requested, Defendants may pay this unconstitutional expenditure to Modest Miles Ministries for and in support of the National Baptist Convention in violation of Plaintiffs' civil rights.

## II. Jurisdiction and Venue

6. This action raises questions of federal law under the United States Constitution, particularly the First and Fourteenth Amendments, and questions of state law under the Missouri Constitution Article I, § 7 and Article IX, § 8.

7. This Court has original jurisdiction over the federal claims by operation of 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear claims under the State Constitution.

8. This Court has authority to grant the requested injunctive relief under 28 U.S.C. § 1343(3), declaratory relief under 28 U.S.C. § 2201(a), and attorneys' fees under 42 U.S.C. § 1988(b).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III. Parties

10. Plaintiff American Atheists, Inc. is a national nonpartisan nonprofit organization organized under the laws of New Jersey. American Atheists is dedicated to protecting the civil rights of Atheists and the separation of religion and government. American Atheists has more than 350,000 members and supporters across the country, including hundreds of taxpaying members who live in Kansas City, Missouri. Plaintiff American Atheists, Inc. has organizational standing to bring this action on behalf of its municipal, state and federal taxpaying members, whose tax revenues fund the appropriation, expenditure and payment of money described in this Complaint. *See* Exhibit A (Affidavit of American Atheists, Inc.); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009); *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167 (2000); *Red River Freethinkers v. City of Fargo,* 679 F. 3d 1015, 1022 (8th Cir. N.D. 2012). Its taxpaying members have municipal taxpayer standing under *Frothingham v. Mellon*, 262 U.S. 447, 487 (1923) and its progeny as well as taxpayer standing under *Flast v. Cohen,* 392 U.S. 83, 102-03 (1986). American Atheists' purpose of protecting atheists' civil liberties, including the right to be free from compelled support of religious institutions or activities and its commitment to the

3

separation of church and state at all levels of government, "is plainly germane to its members' interests in being free of Establishment Clause violations." *Red River Freethinkers,* 679 F. 3d at 1022. Moreover, the requested injunctive relief barring Defendants from making the unconstitutional expenditure in this case "does not make the individual participation of each injured party indispensable to proper resolution of the cause." *Id.*

11. Plaintiffs Eric Abney and Josh Stewart are citizens of the United States and of the City of Kansas City, Missouri, County of Jackson. Plaintiffs Abney and Stewart are members of American Atheists, Inc. Plaintiffs Abney and Stewart pay municipal, state and federal taxes. Plaintiffs Abney and Stewart both reside in Kansas City, Missouri. Plaintiff Stewart also works in Kansas City, Missouri. Plaintiffs Abney and Stewart register their vehicles in Kansas City, Missouri and pay local sales taxes in Kansas City, Missouri. Plaintiffs Abney and Stewart regularly purchase food and beverages from food establishments in Kansas City. Accordingly, Plaintiffs Abney and Stewart have municipal taxpayer standing to challenge the appropriations and expenditures of their own municipality. *See* Exhibits B & C (Affidavits of Abney and Stewart, respectively); *see also Frothingham v. Mellon*, 262 U.S. 447, 487 (1923); S*mith v. Jefferson County Bd. of Sch. Comm'rs*, 641 F.3d 197, 210 (6th Cir. 2011) (the exception to the general prohibition on taxpayer standing is nowhere more pronounced than in municipal taxpayer cases); *American Atheists v. City of Detroit*, 567 F.3d 278, 284 (6th Cir. 2009); *Four Seasons Marina Rentals, Inc. v. City of Osage Beach,* 2009 U.S. Dist. LEXIS 46466, *2-7 (W. Dist. Mo. June 3, 2009); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs Abney and Stewart also have taxpayer standing to challenge municipal Establishment Clause violations under *Flast v. Cohen,* 392 U.S. 83, 102-03 (1986) and *Minnesota Federation of Teachers v. Randall,* 891 F.2d 1354, 1355 (8th Cir. 1989). *See Flast,* 392 U.S. at 102-03 ("Our history vividly illustrates

4

that one of the specific evils feared by those who drafted the Establishment Clause and fought for its adoption was that the taxing and spending power would be used to favor one religion over another or to support religion in general." Thus, "[t]he Establishment Clause was designed as a specific bulwark against such potential abuses of governmental power"); *see also Lujan*, 504 U.S. at 560. Plaintiffs Abney and Stewart seek to prevent Defendants from coercing their support for religious beliefs to which they do not subscribe.

12. Defendant City Council is the legislative and policy-making body of the City of Kansas City, Missouri, which adopts ordinances, makes appropriations, and approves budgets for all offices and departments. Defendant City Council establishes the rules, guidelines, and the plan for the administration of the NTDF and approves all applications for funding therefrom. The NTDF is a public benefit program authorized by the 85th General Assembly of the State of Missouri and established by state law. R.S.Mo. § 92.336 (providing that such public monies "shall be paid to not-for-profit neighborhood organizations with whom the city has contracted, and which are incorporated in the state of Missouri and located within the city limits of such city established *for the purpose of promoting such neighborhood through cultural, social, ethnic, historic, educational, and recreational activities* in conjunction with promoting such city as an international trade, convention, visitors and tourist center.") (emphasis added).

13. Defendant Mayor Sylvester "Sly" James, Jr. is the chief elected official of Kansas City, Missouri, president of Defendant City Council, and is sued in his official capacity. Defendant Mayor Sly James possesses all of the powers and duties of a City Council member and is responsible for appointing three members of the NTDF and designating one member the chairperson of the NTDF. The mayor signs ordinances authorized by the City Council, including appropriations from the NTDF.

14. Defendant Troy Schulte is the City Manager of Kansas City, Missouri and is sued in his official capacity. Defendant City Manager manages the NTDF and is responsible for executing all contracts for the award and payment of funds from the NTDF as approved by Defendant City Council and codified in the City Ordinances.

## IV. Facts

15. On April 14, 2016, Defendant City Council of the City of Kansas City, Missouri passed Ordinance No. 160291 approving a municipal expenditure in the amount of $65,000 from the NTDF to Modest Miles Ministries in aid and support of the National Baptist Convention, which is a national religious organization holding its annual religious convention ("Baptist Convention") in Kansas City, Missouri from September 5 to 9, 2016. *See* Exhibit D (Ordinance).

16. The Baptist Convention serves as the 136th annual session of the boards, auxiliaries and member Baptist churches of the National Baptist Convention and registration for the event requires initiation (or renewal) of membership in the religious organization. *See* http://www.nationalbaptist.com/meetings--events/annual-session/ (last visited June 9, 2016) ("Registering for this session results in the initiation or continuation of your membership with the National Baptist Convention, USA, Inc.").

17. The mission of the National Baptist Convention is "to fulfill the Great Commission of Jesus Christ through preaching, teaching, and healing." *See* http://www.nationalbaptist.com/about-us/mission--objectives.html (last visited May 21, 2016).

18. Pastor John Modest Miles, who is a Baptist minister, member of the National Baptist Convention, and Chairman of the Kansas City Local Host Committee of the National Baptist Convention, applied for the grant funding from the NTDF by and through his charitable

organization, Modest Miles Ministries, for the express purpose of aiding and supporting the National Baptist Convention. *See* Exhibit E (Modest Miles application materials); Exhibit D.

19. Pastor Miles' Kansas City Local Host Committee website describes the Baptist Convention, for which the funding was requested, as follows: "Jesus the Christ / 2016 / Kansas City / Where Victors are Crowned / And I saw, and behold a white horse: and he that sat on him had a bow; and a crown was given unto him: and he went forth conquering, and to conquer. Revelation 6:2 / He gives us the victory through our Lord Jesus Christ." *See* http://nbckansascity2016.com/ (last visited May 26, 2016).

20. The National Baptist Convention has posted on its website Pastor Miles' press release on behalf of the Kansas City Local Host Committee. In preparation for the 2016 Baptist Convention in Kansas City, Pastor Miles "greet[s] you with the Joy of Jesus." *See* http://www.nationalbaptist.com/about-us/news--press-releases/kansas-city-local-host-committee-preparing-for-2016-annual-session.html (last visited June 9, 2016). Pastor Miles offers on behalf of the Local Host Committee, "We plan on showing you a great time in the Lord. . . . We plan on *showing you comfortable transportation done in a timely fashion*. . . . We plan on rolling out the red carpet so that you may feel like the Prince and Princess you are in Jesus. . . ." *Id.* (emphasis added).

21. Modest Miles Ministries' application letter of February 16, 2016 bears the following letterhead:

> Kansas City Local Entertainment Committee 2016
> National Baptist Convention, U.S.A., Inc.
> Dr. John Modest Miles Ministries, General Chairman

*See* Ltr. from Thad Jones, Coordinator, National Baptist Convention U.S.A., Inc., to Denise Dillard, Program Manager, City of Kansas City, Missouri (February 16, 2016) (Exhibit F).

7

22. Similarly, the "NTDF Expense Justification" as submitted with Modest Miles Ministries' February 16, 2016 application letter bears the following heading:

> Modest Miles Ministries, Inc.
> National Baptist Convention, U.S.A., Inc.
> September 5-9, 2016

*See* Exhibit G (NTDF Expense Justification as included in application materials).

23. The last item of Modest Miles Ministries' "NTDF Expense Justification" table discloses that the *sole purpose* of the funds requested and subsequently approved by Defendants in Ordinance No. 160291 is to cover the national Baptist organization's *transportation costs* to get its church members and delegates to and from the religious event in Kansas City, including all plenary sessions during which the religious organization will admittedly indoctrinate attendees in its religious activities, prayer, and preaching. *See* Exhibit F ("[t]he religious activities where there will be preaching are in the plenary sessions"); Exhibit G ("$65,000 . . . [t]hese funds will be used to secure and contract with a bus company for shuttle transportation for delegates from hotels to the convention center," including plenary sessions, and that this is "required by the NBCUSA, Inc. for a city/host committee to hold the convention").

24. Modest Miles Ministries clearly represented to Defendants in its application materials that the *entire $65,000 award* of public monies "will be used to secure and contract . . . for *transportation* for delegates" to and from the Baptist Convention and that this is "*required* by the [National Baptist Convention] *for a city/host committee* to hold the convention." *See* Exhibit G (emphasis added).

25. Modest Miles Ministries further represented to Defendants in its application materials that the municipal government funds "will be deposited" directly into the National

Baptist Convention's sectarian Local Host Committee's bank account. *See* Exhibit H (Board Resolution).

26. Pastor Miles' charitable organization acts as a conduit for the National Baptist Convention and/or its sectarian Kansas City Host Committee, of which Pastor Miles is also Chairman, requiring on behalf of the National Baptist Convention (or its Host Committee) that the City pay $65,000 toward the transportation costs of the religious organization under the implied threat that the National Baptist Convention would not otherwise hold its event in Kansas City. *See* National Baptist Convention in letterhead of grant application materials, Exhibits F & G; *see* National Baptist Convention's Host Committee in heading of Exhibit G; *see also* National Baptist Convention's funding restriction requiring $65,000 as condition precedent from the City or Host Committee in order for religious organization to hold the event in Kansas City, Exhibit G.

27. Modest Miles Ministries' application for NTDF grant funding discloses no activities for which the $65,000 in public monies might be used by Modest Miles Ministries in aid or support of a specific Kansas City neighborhood or the poor and needy, which are the stated purposes of the NTDF and of Modest Miles Ministries, respectively. *See* Kansas City Code, §§ 9-232, -934, -935, -939(b) (with which the funding application fails to comply); *see also* Exhibit E (Application, Item 1) (charitable purpose). To the contrary, Modest Miles Ministries expressly discloses that all $65,000 in municipal funds will (and must) go directly to the National Baptist Convention's sectarian Local Host Committee to support the National Baptist Convention and, specifically, the religious organization's transportation costs. *See* Exhibits F, G; *see also* Kansas City Code § 9-239(b) (prohibiting NTDF funding for such travel costs).

28. Notwithstanding the foregoing disclosures, all of which Defendants knew or should have known, the City Council approved and Mayor Sly James signed Ordinance No. 160291

9

Case 4:16-cv-00812-ODS   Document 1   Filed 07/22/16   Page 9 of 20

expressly approving the award of $65,000.00 in municipal funding from the NTDF to Modest Miles Ministries and authorizing a contract for such payment for the sole purpose of aiding and supporting the "Natl Baptist convention USA, Inc." *See* Exhibit D (Project Name).

29. The ordinance authorizes City Manager Troy Schulte to execute the contract and pay the funds on behalf of the City.

30. Article I, § 7 of the Missouri Constitution requires that "no money shall ever be taken from the public treasury, directly or *indirectly, in aid of any church, sect or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof, as such*[.]" Mo. Const. Art. I, § 7 (emphasis added).

31. This District Court recently held and the Eighth Circuit Court of Appeals affirmed that Article I, § 7 includes within its purview government grants that indirectly aid or support religious institutions pursuant to a neutral public benefit program, even if requested for secular purposes. *Trinity Lutheran Church of Columbia, Inc. v. Pauley*, 976 F. Supp. 2d 1137, 1140 (W.D. Mo. 2013), *aff'd* 788 F.3d 779, 784 (8th Cir. 2015), *cert. granted* 2016 U.S. LEXIS 633 (U.S., Jan. 15, 2016) (hereinafter "*Trinity Lutheran*").

32. Article IX, § 8 of the Missouri Constitution requires that no *"city . . . shall ever make an appropriation or pay from any public fund whatever, anything in aid of any religious creed, church or sectarian purpose*. Mo. Const. Art. IX, § 8 (emphasis added).

33. Article I, § 102 of the Kansas City Charter states that the City "shall have all powers which the General Assembly of the State of Missouri has authority to confer upon any City, *provided such powers are consistent with the Constitution of this State* . . . ." City Charter, Art. 1, § 102 (emphasis added).

34. Defendant City Council establishes the rules, guidelines and plan for the administration of the NTDF program in Kansas City as set forth in Section 2-931, *et seq.* of the Code of City Ordinances. Overseen by Defendant City Manager, the City may "accept[] applications from local qualified nonprofit organizations *to support programs that meet the **state and local requirements***." *See* http://kcmo.gov/citymanagersoffice/ntdf/ (last visited June 28, 2016) (emphasis added).

35. The municipal funds awarded by Defendants from the NTDF in aid and support of the National Baptist Convention admittedly establish the municipality's support for and aid of the Baptist institution and the advancement of its religious purpose in violation of Plaintiffs' rights to be free from such compelled support of religion under Article I, § 7 and Article IX, § 8 of the Missouri Constitution.

36. The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits all states and municipalities from making any "law respecting an establishment of religion . . . ." U.S. Const. amend. I.

37. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state or municipality shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

38. The City's authorized aid and support of the National Baptist Convention establishes municipal preference for the Baptist creed over no religion and, therefore, violates the Establishment Clause and the Equal Protection Clause of the United States Constitution.

39. Furthermore, applying the same state constitutional requirements to a similarly situated religious institution under Article I, § 7 and Article IX, § 8 of the Missouri Constitution, the State of Missouri recently reached a different result than the City of Kansas City did here. In

*Trinity Lutheran*, the state refused to grant a neutral public benefit to a Lutheran day care. 788 F.3d 779, 784 (8th Cir. 2015). Comparing that result to the City of Kansas City's award of public grant funding to the organization of Baptist churches in this case reflects disparate treatment of religious sects and preferential treatment to the Baptists with respect to neutral public benefit programs under Missouri law and violates the Establishment Clause and the Equal Protection Clause.

40. In *Trinity Lutheran*, this Court considered the Missouri Department of Natural Resources Solid Waste Management Program's denial of a Lutheran day care's grant application for scrap tire materials as part of a neutral public benefit program. *Id.* This Court found, and the Eighth Circuit affirmed, that the Department appropriately denied the grant under Article I, § 7 of the Missouri Constitution, even where the purpose of the grant (to improve playground surfaces) was wholly secular, because the Lutheran Church used the day care to inculcate its religious beliefs to attendees. *Id.*

41. Like the day care in *Trinity Lutheran*, the National Baptist Convention admittedly uses the Kansas City event, for which the NTDF funds were requested and approved, to inculcate its religious beliefs in attendees. The Baptist Convention and the Host Committee websites proselytize the Baptist teachings and personalize those teachings to Kansas City and prospective attendees. The plenary sessions of the Baptist Convention, which comprise the majority of the convention's events, incorporate religious instruction and activities and are not open to the general public; registration requires membership in the religious organization. *See* Exhibits F, G.

42. In light of the foregoing federal and state constitutional bars to the aid authorized by Defendants in Ordinance No. 160291, Plaintiffs contacted the NTDF Program Manager on April 5, 2016, nine days before Defendants passed the Ordinance, explaining the unconstitutionality of the proposed grant and requesting an explanation within five (5) days. *See*

Ltr. from Amanda Knief, National Legal & Public Policy Director, American Atheists, Inc., to Denise Dillard, Program Manager, City of Kansas City, Missouri (April 5, 2016) (Exhibit I).

43. Defendants responded to Plaintiffs by and through City Attorney Kathy Adams in a letter dated April 8, 2016, six days before Defendants passed the Ordinance. *See* Ltr. from Kathy Adams, Assistant City Attorney, Kansas City, to Amanda Knief, National Legal & Public Policy Director, American Atheists, Inc., (April 8, 2016) (Exhibit J). Defendants' letter acknowledges that the funds requested and approved, if paid, would aid a religious event, stating:

> It has been represented to the NTDF Board that there are secular events that will be held during the National Baptist Convention that funding has been requested by the modest Miles Ministries, Inc. If funding is approved the City will require Modest Miles Ministries, Inc. to provide documentation of what secular events such monies were used for reimbursement.

*Id*.

44. Defendants' letter of April 8, 2016 implies that a municipal grant of public monies to a religious organization and for a religious event would be permissible *if* the funds were used for secular purposes. This claim fails to square with the express language of Missouri's Article I, § 7 and Article IX, § 8 as well as the Eighth Circuit's holding in *Trinity Lutheran*.

45. On April 22, 2016, Plaintiffs issued a letter to Defendants demanding they suspend any payment and/or contract under Ordinance No. 160291 because this grant violates the First and Fourteenth Amendments to the United States Constitution, the Missouri Constitution, and the Eighth Circuit's recent ruling in *Trinity Lutheran*. *See* Ltr. From Karen Donnelly, Attorney, Copilevitz & Canter, LLC to Kathy Adams, Attorney, Assistant City Attorney, Kansas City, letter of (April 22, 2016) (Exhibit K).

46. By e-mail on April 25, 2016 and telephone April 27, 2016, Defendants notified Plaintiffs that no contract or payment had yet been made under Ordinance No. 160291 but

13

Case 4:16-cv-00812-ODS   Document 1   Filed 07/22/16   Page 13 of 20

indicated there may be a final contract in or around July 2016. Defendants explained they were waiting on additional information requested from the applicant before a final contract or payment would be made.

47. Plaintiffs seek declaratory and injunctive relief barring the unconstitutional expenditure approved by Defendants in Ordinance No. 160291 for the sole purpose of aiding and supporting the National Baptist Convention in violation of the Establishment Clause, the Equal Protection Clause, and Article I, § 7 and Article IX, § 8 of the state Constitution. Plaintiffs issued Defendants notice of its intent to file this action for declaratory and injunctive relief by letter of April 22, 2016, June 16, 2016 and again on July 21, 2016.

48. Barring injunctive relief, Defendants may contract and disburse the unconstitutional grant funds to Modest Miles Ministries in aid and support of the Baptist church.

## V. Count I:  The Establishment Clause

49. Paragraphs 1-48 are incorporated herein by reference.

50. The National Baptist Convention is a national religious institution comprised of a group of Baptist churches, church auxiliaries, and other Baptist members. It is operated and controlled by ministers of the Baptist sect pursuant to the Baptist creed for which it is named and for which it preaches, teaches and heals in an effort to "fulfill the great Commission of Jesus Christ."

51. The National Baptist Convention is hosting a pervasively religious event in Kansas City from September 5-9, 2016.

52. Modest Miles Ministries requested $65,000 in public monies from the NTDF for the sole purpose of funding the National Baptist Convention's transportation costs in aid of its local religious event. Modest Miles Ministries submitted the funding request on behalf of the

National Baptist Convention's sectarian Local Host Committee, which operates in furtherance of the National Baptist Convention's religious purpose.

53. The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits all states and municipalities from making any "law respecting an establishment of religion . . . ." U.S. Const. amend. I.

54. Defendants' policies, actions and approval of the expenditure of $65,000 from the public treasury for the purpose of aiding and supporting the National Baptist Convention and its religious event in Kansas City under Ordinance No. 160291 are not neutral to religion.

55. Defendants mask the grant as one to a charitable organization and not to a religious organization. However, the $65,000 grant to Modest Miles Ministries as approved under Ordinance No. 160291, if paid, would admittedly go directly to the bank account of the National Baptist Convention's sectarian Local Host Committee in aid of the National Baptist Convention and not to Modest Miles Ministries.

56. By covering this expense of the Baptist organization (or its sectarian Host Committee), municipal Defendants enable the religious organization to use the $65,000 it would have spent on its own transportation costs to otherwise further its religious purpose. Aiding religious activities establishes support of religion. Defendants authorized this grant in aid of religion in spite of the fact it fails to comply with NTDF program criteria.

57. Defendants' policies, actions, and appropriation of $65,000 from the public treasury in aid and support of the national Baptist institution and its religious event in Kansas City, during which the National Baptist Convention will admittedly inculcate its religious beliefs in attendees, have the primary effect of advancing the Baptist creed.

15
Case 4:16-cv-00812-ODS   Document 1   Filed 07/22/16   Page 15 of 20

58. Registration for the event requires initiation of membership in the national Baptist institution. The Baptist Convention teaches a Christian worldview and its plenary sessions, which comprise the majority of the event, include religious activities and the indoctrination of religious beliefs. The National Baptist Convention and its Local Host Committee proselytize that member-attendees will be "crowned" in "the victory through our Lord Jesus Christ."

59. Defendants' policies, actions, and appropriation of $65,000 from the public treasury in aid of the National Baptist Convention and its sectarian Local Host Committee, in furtherance of their religious purpose and with the primary effect of advancing their religious creed, violate Plaintiff taxpayers' right to be free from compelled support of religious beliefs to which they do not subscribe under the Establishment Clause of the United States Constitution.

60. Defendants' policies, actions, and expenditure of $65,000 from the public treasury in support of the national Baptist institution and its local religious event establish municipal support for the Baptist sect and, therefore, violate Plaintiff taxpayers' right to be free from the municipal establishment of one religion over another or religion in general under the Establishment Clause of the First Amendment to the United States Constitution.

61. The above-described municipal expenditure in aid and support of the National Baptist Convention and its religious activities is ultra vires and void.

### VI. Count II: The Missouri Constitution

62. Paragraphs 1-61 are incorporated herein by reference.

63. Article I, § 7 of the Missouri Constitution requires that "*no money shall ever be taken from the public treasury*, directly or *indirectly, in aid of any church, sect, or denomination of religion, or in aid of any priest, preacher, minister or teacher thereof . . .*" Mo. Const. Art. I, § 7 (emphasis added).

64. Article IX, § 8 of the Missouri Constitution requires that no "*city . . . shall ever make an appropriation or pay from any public fund whatever, anything in aid of any religious creed, church or sectarian purpose.*" Mo. Const. Art. IX, § 8. (emphasis added).

65. The NTDF is a "fund" of the City of Kansas City's "public treasury" within the meaning of Article I, § 7 and Article IX, § 8 of the Missouri Constitution.

66. The $65,000 expenditure authorized by Defendants in Ordinance No. 160291 constitutes "an appropriation" of "money" within the meaning of Article I, § 7 and Article IX, § 8 of the Missouri Constitution.

67. Defendants' grant of $65,000 from the NTDF to Modest Miles Ministries for and in support of a religious institution constitutes "aid" to a "church, sect, or denomination of religion" and "aid" of a "religious creed" or "sectarian purpose" within the meaning of Article I, § 7 and Article IX, § 8 of the Missouri Constitution.

68. The Missouri Constitution prohibits "direct" *and* "indirect" aid to religious institutions or for religious purposes. At a minimum, the aid at issue here constitutes "indirect" aid to the National Baptist Convention by and through Modest Miles Ministries for the advancement of the national Baptist institution's religious purpose and proselytization of its Baptist creed in violation of Article I, § 7 and Article IX, § 8 of the Missouri Constitution.Arguably, this appropriation constitutes "direct" aid to the National Baptist Convention because it will be deposited directly into the bank account of the National Baptist Convention's Local Host Committee for the purpose of advancing the religious organization and event.

69. Accordingly, Defendants' policies, actions and appropriation of $65,000 from the public treasury for the purpose of aiding and supporting the National Baptist Convention and its religious event in Kansas City under Ordinance No. 160291 impermissibly aids the Baptist church,

17

sect or denomination of religion and the Baptist creed in violation of Article I, § 7 of the Missouri Constitution.

70. Defendants' policies, actions, and appropriation of $65,000 from a fund of the municipal treasury in support of the National Baptist Convention, its sectarian Local Host Committee, and its local religious event furthers their religious purpose and aids the Baptist creed in violation of Article IX, § 8 of the Missouri Constitution.

71. Thus, the above-stated municipal expenditure of $65,000 is ultra vires and void.

## VII. Count III: The Equal Protection Clause

72. Paragraphs 1-71 are incorporated herein by reference.

73. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state or municipality shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

74. Defendants' conduct and appropriation of $65,000 from the public treasury for the purpose of aiding and supporting the National Baptist Convention and its religious event in Kansas City under Ordinance No. 160291denied Plaintiffs equal protection of the laws of Missouri, which prohibit any public aid to or for a religious institution or purpose, directly or indirectly.

75. Defendants' conduct and appropriation of $65,000 from the public treasury for the purpose of aiding and supporting the National Baptist Convention and its religious event in Kansas City under Ordinance No. 160291 denied Plaintiffs equal protection of the laws of the United States, which prohibit the establishment of municipal support for one religion over another or one religion over none under the Establishment Clause of the United States Constitution.

76. Defendants' grant of municipal taxpayer monies for religious purposes demonstrates municipal preference for the Baptists over no religion and preferential treatment of

the Baptists over the Lutherans by officials under color of state law with respect to neutral public benefit programs in Missouri.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court:

A. Enter a Declaratory Judgment stating that the appropriation of $65,000 for and in aid of the National Baptist Convention and its religious event violates the Establishment Clause and the Equal Protection Clause of the First and Fourteenth Amendments to the United StatesConstitution, as well as the Missouri Constitution, Article I, § 7 and Article IX, § 8;

B. Enter a preliminary and permanent injunction enjoining the Defendants, their agents, servants, employees, officials or any other person acting in concert with them or on their behalf, from paying the $65,000 expenditure authorized in Ordinance No. 160291 to Modest Miles Ministries because it has been requested exclusively for and on behalf of the National Baptist Convention and its sectarian Local Host Committee for the sole purpose of furthering their religious purpose, event and activities and inculcating their religious beliefs in event-attendees in violation of the laws of Missouri and the United States;

C. Declare that Ordinance No. 160291 is unconstitutional on its face and as applied to deny Plaintiffs their rights to be free from compelled support of religion, to be free from municipal preference for one religion over another or one religion over none, and the equal protection of the laws of Missouri and the United States;

D. Award Plaintiffs costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988, and other applicable state and federal law; and

19
Case 4:16-cv-00812-ODS   Document 1   Filed 07/22/16   Page 19 of 20

E. Grant such other and further relief as the Court deems equitable, just, and proper.

Dated July 22, 2016.

Respectfully Submitted,

/s/ Karen Donnelly
Karen Donnelly, MO Bar No. 62851
COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, MO 64108
816-472-9000
816-472-5000 (f)
kdonnelly@cckc-law.com

*Attorneys for Plaintiffs*