IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ATHEISTS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 16-00812-CV-W-ODS |
| ) | |
| CITY OF KANSAS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION

Pending is Plaintiffs' Amended Motion for Preliminary Injunction. Doc. #7. Defendants filed their suggestions in opposition to Plaintiffs' motion. Doc. #12. Plaintiffs did not file reply suggestions and the deadline to do so has passed. Plaintiffs' motion is now ripe, and the Court denies Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs' Complaint alleges the City Council of Kanas City, Missouri passed an ordinance authorizing Defendant City of Kanas City to expend municipal funds from the Neighborhood Tourist Development Fund to Modest Miles Ministries, Inc. (MMMI), in aid and support of the National Baptist Convention's September 2016 meeting in Kansas City. Doc. #1, at 1-2. In conjunction with their Complaint, Plaintiffs filed a motion for preliminary injunction. Doc. #2. Plaintiffs later amended their motion by removing the City Council as a Defendant. Doc. #7. Plaintiffs sought to enjoin Defendants from making any payments to MMMI, alleging any payments would violate Plaintiffs' rights under the Establishment Clause of the First Amendment and related articles of the Missouri Constitution. Doc. #1, at 2. In response to Plaintiffs' motion for a preliminary injunction, Defendants state the City Council passed an ordinance to enter into a contract with MMMI, but no contract was executed. Doc. #12.

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citation omitted). In deciding whether to grant or deny a motion for preliminary injunction, the Court must consider four factors: (1) the movant's likelihood of success on the merits; (2) the irreparable harm the movant will suffer if preliminary relief is not granted; (3) the balance of hardships to the parties; and (4) the impact of the injunction on the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dataphase Sys., Inc. v. CL Sys. Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The first factor is the most important. *Shrink Missouri Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998).

Plaintiffs failed to establish a likelihood of success on the merits. Defendants state no contract was executed, and Plaintiffs do not contest this assertion. The convention for which Defendants would have expended the municipal funds at issue occurred September 5 to 9, 2016. Doc. #1, at 6. Because the convention concluded without the execution of a contract expending municipal funds to MMMI, there is no conduct to enjoin. Further analysis of the *Dataphase* factors is unnecessary given the inability of Plaintiffs to demonstrate a likelihood of success on the merits. Plaintiffs' motion for a preliminary injunction is denied.

## III. CONCLUSION

Plaintiffs' motion for a preliminary injunction (Doc. #7) is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 13, 2016      UNITED STATES DISTRICT COURT